UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ELENA LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BROOMFIELD,<br><br>    Defendant. | Case No. 23-cv-06017-SVK<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 2, 5, 8 |

## INTRODUCTION

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He has applied for leave to proceed in forma pauperis. (ECF Nos. 2, 5, 8.) For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

## DISCUSSION

A. <u>Background</u>

Petitioner was convicted by a jury in the Superior Court of California for the County of Napa, and on April 5, 2016, the state court sentenced him to a term in state prison. (ECF No. 1 at 1-2.) The California Court of Appeal affirmed the judgment on direct appeal, and the California Supreme Court denied petitioner's request for direct review. (*Id.* at 3.) Petitioner did not file any habeas petitions in the state courts. (*Id.* at 4.)

B. <u>Standard of review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 7.)

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C. <u>Petitioner's claims</u>

The Petition makes the following three claims:

(1) petitioner received ineffective assistance of counsel at trial;

(2) he had difficulty understanding his proceedings and his trial counsel was biased against him due to the nature of his charges; and

(3) his trial counsel only visited him in jail three times throughout the length of his trial.

Ineffective assistance of counsel may violate the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Sixth Amendment also guarantees undivided loyalty from trial counsel. *See Wood v. Georgia*, 450 U.S. 261, 271-72 (1981). When liberally construed, the three claims in the Petition present cognizable claims for the violation of petitioner's federal constitutional rights and for federal habeas relief. Accordingly, respondent is ordered to respond to the Petition.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order and a magistrate judge consent form upon the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **February 15, 2024**.

2. Respondent shall file with the Court and serve on petitioner, on or before **April 15, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been

transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on respondent on or before **May 15, 2024**.

3. Respondent may, on or before **April 15, 2024**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition on or before **May 15, 2024,** and respondent shall file with the Court and serve on petitioner a reply on or before **May 29, 2024**.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Petitioner's motions for leave to proceed in forma pauperis are GRANTED due to his lack of funds.

**IT IS SO ORDERED.**

Dated: January 12, 2024

Susan van Keulen
United States Magistrate Judge