1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7   GABRIEL ELENA LOPEZ,                    Case No. 23-cv-06017-JST
8                  Petitioner,
9           v.                             **ORDER DISMISSING PETITION FOR
                                           WRIT OF HABEAS CORPUS;
10  CHACE ANDRES,                          DENYING CERTIFICATE OF
                                           APPEALABILITY**
11                 Respondent.
                                           Re: ECF No.
12
13          Petitioner, an inmate at San Quentin Rehabilitation Center, filed this *pro se* action seeking

14  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Court

15  DISMISSES this habeas petition as unexhausted, and DENIES a certificate of appealability.

16                                  **DISCUSSION**

17          Petitioner filed this *pro* se habeas petition pursuant to 28 U.S.C. § 2254, challenging a

18  conviction from Napa County Superior Court.  On July 31, 2024, the Court found that the claims

19  presented in this petition are unexhausted, granted Respondent's motion to dismiss the petition as

20  wholly unexhausted, and ordered Petitioner to inform the Court by August 28, 2024 whether he

21  wished to (1) voluntarily dismiss this petition and return to state court to exhaust his claims before

22  filing a new federal petition presenting exhausted clams; or (2) seek a *Rhines* stay.  ECF No. 16.

23  The deadline to inform the Court how Petitioner wishes to proceed, and Petitioner has not

24  communicated with the Court.  A federal district court must dismiss a federal habeas petition

25  which is wholly unexhausted.  *See* 28 U.S.C. § 2254(b), (c); *see also Rose v. Lundy*, 455 U.S. 509,

26  515-16 (1982); *Rhines v. Weber*, 544 U.S. 269, 273 (2005); *Jiminez v. Rice*, 276  F.3d 478, 481

27  (9th Cir. 2001).  As discussed in the Court's July 31, 2024, none of the claims presented in this

28  petition are exhausted.  Plaintiff has not sought, or shown that he is entitled to, a *Rhines* stay.  The

1    Court therefore DISMISSES this habeas petition for failure to exhaust court remedies.

2           The federal rules governing habeas cases brought by state prisoners require a district court

3    that issues an order denying a habeas petition to either grant or deny therein a certificate of

4    appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A judge shall grant a certificate of

5    appealability "only if the applicant has made a substantial showing of the denial of a constitutional

6    right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.

7    *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the

8    showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that

9    reasonable jurists would find the district court's assessment of the constitutional claims debatable

10   or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner has not made such a

11   showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

13          For the foregoing reasons, the Court DISMISSES this habeas petition for failure to exhaust

14   court remedies, and DENIES a certificate of appealability.  Judgment is entered in favor of

15   Respondent and against Petitioner.  The Clerk shall close the case.

16          **IT IS SO ORDERED.**

17   Dated:  October 2, 2024

18   _____
                       JON S. TIGAR
19                United States District Judge

United States District Court
Northern District of California